### KNICKERBACKER vs. LOUCKS.

Defective papers served, should be immediately returned, or notice given to the party from whom they are received, that they will be disregarded; (see 1 Howard, 240; 2 do. 146;). a delay of five or six days will be construed into an acceptance.

*September Special Term*, 1847. *Dutchess county.—Motion by Defendant to set aside default and subsequent proceedings for irregularity.*—Declaration was served on the 18th of May, 1847; on the 3d of June, Defendant's attorney sent pleas and affidavit by mail to Plaintiff's attorney, with a notice of retainer; on the afternoon of the 9th of June, the Plaintiff's attorney returned the pleas, &c., to Defendant's attorney, on the ground of a defect in the affidavit. On the morning of the same day, the Plaintiff's attorney had sent proof of service of declaration to the clerk's office, on which Defendant's default for not pleading was entered on the 10th of June. As soon as Defendant's attorney received the pleas, he added an affidavit, and re-delivered the same to Plaintiff's attorney, who refused to receive them, saying "it was too late."

WM. ENO, *Attorney and Counsel for Defendant.*

O. E. BOWMAN, *Plffs Atty.*

JNO. THOMPSON, *Counsel for Plff.*

BARCULO, Justice.—The motion must be granted. The Plaintiff's attorney should have returned the pleas immediately, or given notice that he should disregard them. Instead of doing this, he retained the pleas until he had sent direction to the clerk to enter the default. Motion granted with $10 costs. (1 Howard, 240; 2 do., 146.)